In the Matter of WILLIAM H. McCAFFREY, JR., et al., Petitioners, against BENJAMIN F. FEINBERG et al., Individually and Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, October 25, 1954.

*Joseph W. Campanella* and *John Joseph Lynch* for petitioners.

*Joseph J. Doran* for respondents.

MACAFFER, J. This is an application under article 78 of the Civil Practice Act for an order directing the respondents " to order and hold a public hearing with respect to gas rates and charges of the Long Island Lighting Company in accordance with the provisions of Section 71 of the Public Service Law."

The respondents have served an answer and supporting affidavits by which the respondents set forth, first, two objections in point of law and, second, a factual statement of the proceed-

ings of the Public Service Commission and of its officers and employees with respect to the complaint referred to in the petition herein. Petitioners have not filed a reply and have not filed any further affidavits.

One of the answering affidavits submitted by the respondents sets forth allegations to the effect that the names set forth in the complaint annexed to the petition in this proceeding are the names of persons who have not heretofore complained to the respondents with respect to the electric and/or gas rates of the Long Island Lighting Company and that, therefore, the proceeding has not been instituted by the required number of qualified persons. However, the respondents have also stated that they are willing to waive in the proceeding that objection and proceed to a determination. Inasmuch as the respondents have waived such objection this court will not pass upon the same and will, therefore, confine its determination to the other issues raised in the proceeding.

The first objection in point of law is that the petition does not state facts sufficient to constitute a cause of action and that the facts alleged in the said petition are insufficient in law to entitle the petitioners to the relief prayed for in the petition or to any relief herein.

The gist of the petition is that the petitioner, McCaffrey, and over twenty-five others similarly situated, who are alleged to be consumers of gas and electricity supplied by the Long Island Lighting Company, filed a complaint with the Public Service Commission setting forth that they were being charged more for gas and electricity than were others in neighboring communities also being served by the Long Island Lighting Company and asking that the Public Service Commission conduct a thorough and detailed investigation of the public utility and that the Public Service Commission has unlawfully and unjustly refused to hold a public hearing on such complaint in violation of section 71 of the Public Service Law.

The answer and supporting affidavit filed by the respondents disclose that an investigation of the complaint and five other similar complaints was made by the Public Service Commission; that the electric rates of the company have been and are the subject of a proceeding now pending undetermined before the Public Service Commission known and designated as Case 13236 and that the gas rates of the company were the subject of a proceeding before the Public Service Commission known and designated as Case 13177, in which a determination has been made by the Public Service Commission. On these facts the

Public Service Commission says that in the exercise of its sound discretion it decided that the complaints so filed did not warrant further proceedings in respect to the gas rates of the Long Island Lighting Company at the present time.

The petitioners argue that the Public Service Commission should be ordered to hold a separate public hearing with respect to lost and unaccounted for gas which they claim has reached an excessive amount. There are neither allegations in the petition to this effect nor are there any allegations contained in an affidavit before this court in support of such a contention.

This court can not find any statutory or other authority requiring the Public Service Commission to call and conduct a public hearing on a complaint filed by a consumer under section 71 of the Public Service Law. On the contrary section 72 of that law requires the Public Service Commission to afford a hearing only to the persons or public utility against which the complaint is made. (See *Matter of Campo Corp.* v. *Feinberg,* 279 App. Div. 302, affd. 303 N. Y. 995.) In the aforesaid case the Appellate Division, Third Department, said in part (p. 308) : '' Section 71 of the Public Service Law requires the commission to make an investigation upon the written request of twenty-five customers but does not require a hearing. Subdivision 12 of section 66 authorizes a hearing upon rates filed by a utility company but does not require it. In dealing with complaints section 72 requires notice to the utility involved but not to customers. The general scheme of the Public Service Law is that the commission shall, in the public interest, regulate utilities, and ordinarily it is only the latter who are entitled to hearings.''

Moreover, the nature and extent of the investigation of the complaints to be made by the Public Service Commission rested entirely in the discretion of the commission and in its exercise of this discretion the courts may not interfere. (*Bronx Gas & Elec. Co.* v. *Maltbie,* 268 N. Y. 278, 287.) There is no showing here that the commission has acted arbitrarily or capriciously in any respect.

The court concludes that the first objection in point of law raised by the respondents above noted is well taken. The petition is dismissed, without costs.

Order to be submitted by respondents.